IN THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: _____

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>Movant,<br><br>v.<br><br>FDE MARKETING GROUP LLC, a Florida limited liability company,<br><br>Respondent. | **PLAINTIFF'S MOTION TO COMPEL ENFORCEMENT OF SUBPOENA**<br><br>Related to Action Pending in the U.S. District Court of the Northern District of Illinois, *Anthony v. The Federal Savings Bank, et ano.*, 1:21-cv-02509-EEC |

## MICHAEL ANTHONY'S MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS FROM FDE MARKETING GROUP LLC

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Movant Michael Anthony ("Plaintiff" or "Mr. Anthony") respectfully requests that the Court enter an Order compelling Respondent FDE MARKETING GROUP LLC ("FDE") to produce the documents sought by Plaintiff in his subpoena (the "Subpoena"), which was properly served on FDE on August 2, 2021, in the underlying litigation, *Anthony v. Federal Savings Bank, Inc., et al.*, Civil Action 21-CV-2509-EEC (the "Lawsuit"). This enforcement action arises out of the Lawsuit Plaintiff brought against Defendants: The Federal Savings Bank ("FSB") and National Bancorp Holdings, Inc. ("NBH," collectively, "Defendants") for unsolicited and unlawful telemarketing telephone calls to Plaintiff's telephone number that had been registered on the Federal Do Not Call Registry.

FDE did not serve objections or respond to the Subpoena. This Court should therefore enter an Order compelling the production of all of the documents requested in the Subpoena. Plaintiff's Motion to Compel is supported by declaration and attached exhibits and the following incorporated memorandum of law.

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS FROM FDE MARKETING GROUP LLC**

Plaintiff Michael Anthony ("Plaintiff" or "Mr. Anthony") respectfully submits this memorandum of law in support of Plaintiff's motion to enforce the Subpoena, which is attached as Exhibit "B" to the declaration of Mark L. Javitch, ¶ 6 ("Javitch Decl."). For the reasons stated below, the motion should be granted.

I.   **INTRODUCTION**

A.   Parties.

Plaintiff Mr. Michael Anthony is an individual residing in Pennsylvania. Defendant Federal Savings Bank ("FSB") is a federal savings association and mortgage originator with headquarters in Chicago, Illinois. FSB's parent corporation, National Bancorp Holdings, Inc., is also a defendant in the Lawsuit. FDE is not a party to the Lawsuit.

B.   Jurisdiction and Venue

This Court has subject matter jurisdiction over this matter under Fed. R. Civ. P. 45 and the Rules Enabling Act, 28 U.S.C. § 2072. This Court has personal jurisdiction over FDE because FDE maintains its principal place of business in Florida and in this District. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because FDE resides in this District and a substantial portion of the events or omissions giving rise to this matter occurred in this District.

## II.    FACTS

### A.    The Underlying Lawsuit

Plaintiff alleges that he received at least six unsolicited telemarketing telephone calls from or on behalf of Defendants despite Plaintiff's number being registered on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c). Defendants have claimed that FDE Marketing Group has information relevant to Plaintiff's claims and Defendants' defenses and counterclaim.

### B.    Subpoena

On August 2, 2021, Plaintiff served a third-party Subpoena upon FDE for the production of documents relating to Plaintiff and the putative class in the Lawsuit. The Subpoena and proof of service on FDE is attached as Exhibit B to Javitch Decl, ¶ 6. The Subpoena requested that the documents be produced by August 27, 2021. *Id*. The Subpoena is narrowly tailored and seeks information relative to Plaintiff's claims in the Litigation, including contracts with FSB, records of telephone calls made, and associated records of consent. FDE failed to serve objections and otherwise respond to the Subpoena.

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiff's counsel certifies that he has conferred or made reasonable effort to confer, with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. [detail efforts here with citations to Javitch Decl.]

## III.    LAW & ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as follows: "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

3

of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Consistent with the spirit and purpose of the broad discovery rules, federal courts are to employ a liberal discovery standard. *See Milinazzo v. State Farm Ins. Co*., 247 F.R.D. 691, 695 (S.D. Fla. 2007).

Rule 45 permits a party to obtain relevant information in the form of documents or deposition testimony from a non-party through issuance of a subpoena. *See* Fed. R. Civ. P. 45; *see also Datta v. Armor Correctional Health Servs., Inc*., No. 8:15-cv-601-T-27TBM, 2015 WL 12838185, at *2 (M.D. Fla. July 17, 2015) *Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1341 (8th Cir.1975) (subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials); *Se. Mech. Serv., Inc. v. Brody*, Case No. 1:09–CV–0086, 2009 WL 3095642, at *2 (N.D. Ga. June 22, 2009) (same, and noting that Rule 45, as revised in 2006, also provides for the production of electronically stored information ("ESI") by a nonparty). "[I]t is well settled that the scope of discovery under a subpoena is the same as discovery under Rule 26(b)." *Barrington v. Mortg. IT, Inc*., No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007).

Rule 45 authorizes a party serving a subpoena, like Plaintiff, to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(1). Here, FDE should be ordered to produce the documents requested in the Subpoena. FDE is obligated to comply with the Subpoena. Fed. R. Civ. P. 45(d)(1)(A) ("A command in a subpoena to produce documents, electronically stored

4

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials.").

  B. <u>FDE Failed to Respond to the Subpoena</u>

As set forth above, FDE refused to provide any response to the Subpoena. On August 2, 2021, Plaintiff caused a subpoena to be served on FDE. *See* Javitch Decl., ¶¶ 3–6 and Exhibit "B" attached thereto. The compliance date for the Subpoena was August 27, 2021. *Id*. Therefore, it is undisputed that FDE was properly served with the Subpoena requesting documents and FDE failed to respond by the due date. *Id*. at ¶ 7. Accordingly, FDE should be compelled to produce the documents. *See Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, No. 19-23059-Civ-Williams/Torres, 2020 WL 10057924, at *1 (S.D. Fla. Oct. 30, 2020) (subpoenaed subcontractors failed to serve an objection or response pursuant to Rule 45, so motion to compel was granted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Enforce the Subpoena, and for any other relief the Court deems just under the circumstances.

DATED: September 16, 2021

            **REINER & REINER, P.A.**
            *Counsel for Plaintiff*
            9100 South Dadeland Boulevard, Suite 901
            Miami, Florida 33156-7815
            Tele.: (305) 670-8282; Fax: (305) 670-8989
            *dpr@reinerslaw.com; eservice@reinerslaw.com*

            By: _____
            **DAVID P. REINER, II**; FBN 416400

5

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989