## IN THE UNITED STATES DISTRICT COURT FOR
## SOUTHERN DISTRICT OF FLORIDA

MICHAEL ANTHONY, individually, and on
behalf of all others similarly situated,

      Movant,

    v.

FDE MARKETING GROUP, LLC, a Florida
limited liability company,

      Respondent.

Case No.: _____

**DECLARATION OF MARK L. JAVITCH IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA**

Related to Action Pending in the U.S. District Court of the Northern District of Illinois, *Anthony v. The Federal Savings Bank, et ano.*, 1:21-cv-02509-EEC

1.    I am an attorney duly licensed to practice in the State of California. This declaration is based on personal knowledge of the matters set forth herein.

2.    I am an attorney of record for Plaintiff MICHAEL ANTHONY in the instant matter, and in the underlying matter to which this matter relates, *Anthony v. Federal Savings Bank, et ano.*, Case No. 1:21-cv-02509-EEC (N.D. Ill.). I am admitted on a *pro hac vice* basis before the United States District Court for the Northern District of Illinois in the underlying matter.

3.    I searched the Florida Secretary of State website and found that the name and address of the registered agent for FDE MARKETING GROUP LLC ("FDE") is Frank Bisesi, 1314 E. Las Olas Blvd., Fort Lauderdale, FL 33301.

4.    Attached as Exhibit "A" is a true and correct copy of the document I downloaded from the Florida Secretary of State's website for FDE.

5.    On August 2, 2021, I caused a Subpoena to be served on FDE via its registered agent, Mr. Bisesi.

6.      Attached as Exhibit "B" is a copy of the Subpoena that was served on FDE, and the completed proof of service showing it was duly served by a process server on August 2, 2021.

7.      As of the date of this filing, I have not received any response to the Subpoena.

8.      On August 22, 2021, Bisesi contacted me via email and purported to reassure me that he would prioritize responding to the subpoena. However, despite repeated false assurances from Bisesi, FDE has not responded to the subpoena and has ceased communications with me.

9.      Attached as Exhibit "C" is a true and correct copy of emails from Frank Bisesi on August 22, 2021.

**I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. This declaration is executed on this 16th day of September, 2021, in San Mateo, California.**

By:  /s/ Mark L. Javitch
        Mark L. Javitch (SBN 323729)
        480 S. Ellsworth Ave.
        San Mateo CA 94401
        Tel: (650) 781-8000
        Fax: (650) 648-0705
        *Attorney for Plaintiff*
        *and those similarly situated*

# Exhibit A

**2021 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L16000124127

**FILED**
**Jan 12, 2021**
**Secretary of State**
**5689477765CC**

**Entity Name:** FDE MARKETING GROUP LLC

**Current Principal Place of Business:**

1314 E. LAS OLAS BLVD.
FORT LAUDERDALE, FL 33301

**Current Mailing Address:**

1314 E. LAS OLAS BLVD.
FORT LAUDERDALE, FL 33301 US

**FEI Number: 81-3339055**                    **Certificate of Status Desired:** Yes

**Name and Address of Current Registered Agent:**

BISESI, FRANK
1314 E. LAS OLAS BLVD.
FORT LAUDERDALE, FL 33301 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: _____

Electronic Signature of Registered Agent                                        Date

**Authorized Person(s) Detail :**

Title            MGR

Name            BISESI, FRANK

Address          1314 E. LAS OLAS BLVD.

City-State-Zip:   FORT LAUDERDALE FL 33301

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: FRANK BISESI                          CEO                    01/12/2021

Electronic Signature of Signing Authorized Person(s) Detail                        Date

# Exhibit B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| MICHAEL ANTHONY | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  21-cv-02509-EEC |
| THE FEDERAL SAVINGS BANK, et. al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             FDE Marketing Group LLC c/o Frank Bisesi, Registered Agent
1314 E. Las Olas Blvd., Fort Lauderdale, FL 33301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: Brickell Key Court Reporting, 515 East Las Olas Boulevard, Suite 120, Ft. Lauderdale, FL 33301 | Date and Time: 08/27/2021 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/29/2021

*CLERK OF COURT*

OR

_____              /s/ Mark L. Javitch
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff,
Javitch Law Office                                              , who issues or requests this subpoena, are:

Mark L. Javitch, 480 S. Ellsworth Ave, San Mateo, CA 94401, (650) 781-8000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   21-cv-02509-EEC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>THE FEDERAL SAVINGS BANK, an Illinois Federal Savings Association, and NATIONAL BANCORP HOLDINGS, INC., a Delaware corporation,<br><br>        Defendants. | Case No.:  21-cv-02509-EEC<br><br>**SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION** |

## <u>DEFINITIONS</u>

Any references to "The Federal Savings Bank", "National Bancorp Holdings, Inc.", "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. Any references to "Plaintiff", "Plaintiff's", or "Plaintiffs" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate. Any references to "Respondent", "YOU" or "YOUR" as used in these Document Requests, any references indicating the use of masculine or feminine, and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following Document Requests, Respondent shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Respondent shall state the legal basis for the privilege Respondent is invoking and provide a detailed log to support the invocation of such privilege.

Each and every Document Request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these Document Requests

incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

As used in these Document Requests, the term "DOCUMENT" or "DOCUMENTS " means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

## INSTRUCTIONS

1.      Each Document Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2.      The terms "and" or "or shall mean and include both the conjunctive and the disjunctive.

3.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Document Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4.      If, in answering these Document Requests, you encounter any ambiguity in construing a Document Request, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Document Request.

5.      In answering these Document Requests, furnish such information as is available to you, not merely such information as is within your knowledge.  This means that you are to furnish information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6.      If you object to any Definition or Instruction or to any of the specific Document Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity.  If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7.      If you object to or claim a privilege with respect to only a portion of a given Document Request, you are requested to answer that portion of the Document Request as to which you have no objection or claim of privilege.

8.      All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

## DOCUMENT REQUESTS

Pursuant to Rule 45 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Respondent produce within thirty (30) days, [1] the Documents requested herein:

1.      Documents relating to Plaintiff, Plaintiff's phone number (215) 500-5555, including but not limited to all records of telephone calls made or attempted to (215) 500-5555, all notes of conversations with Plaintiff, all recordings, notes, and notations regarding Plaintiff, including from any software, websites or customer relationship management or related databases that You use.

2.      Documents You contend demonstrate consent to be called for Plaintiff or for Plaintiff's phone number.

3.      Documents demonstrating revocation of consent to be called by Plaintiff or for Plaintiff's phone number.

4.      Documents containing any reference to "Needle Dee."

5.      Documents containing any reference to Jornaya_ID 743C75DB-5BAC-A09E-46F5-46F5BF157847.

6.      Documents containing any reference to the address 111 Main St., Lansdale, PA 19446.

7.      Documents containing any reference to the email address noe.com@gmail.com.

8.      Documents containing any reference to the IP address 63.100.125.20.

---

[1] *See* 2015 Committee Notes regarding Rule 34: Under Rule 34(b)(2)(B), the response to the request must state that copies will be produced. <u>The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response.</u> When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.

9.     Documents relating to and/or regarding your policies and procedures related to compliance with telemarketing laws and regulations, and the TCPA Do-Not-Call Registry, since May 10, 2017, including Your Internal Do-Not-Call List.

10.     Documents and communications exchanged between You and any persons transferring calls or leads to You, such as the vendor(s) who transferred Plaintiff to You and provided Plaintiff's telephone number as a lead, including prior negotiations, promotional material, contracts, guidelines, invoices, receipts, sales reports, and correspondence between You and such other Persons.

11.     Documents relating to communications regarding Lead Intelligence, Inc. d/b/a Jornaya, including internal communications, emails, slideshows, word processing documents, text messages, calendar entries, meeting notes, voicemails, video conference logs, and the like.

12.     Documents, electronically stored information, or communications related to the sale, offer to sell, or marketing of goods, products, or services sold by You on Your own behalf or on the behalf of others.

13.     Documents showing all leads generated and/or calls placed by You or on Your behalf (whether exclusively or not), whether or not such call was transferred to You, since May 10, 2017.

14.     Documents reflecting any call (including attempted call) or text message made by You or any call center or other vendor of Yours, or to generate leads (even if You were not the exclusive buyer or beneficiary of said leads), or that could have generated a lead for You, since May 10, 2017. Responsive Documents include Documents containing identifying information of the Persons You were trying to contact (e.g., name, business name, address, email, phone number); information for the calls themselves, including the phone number called, the date and time of the

call, and the notes regarding call (e.g., no answer, message left, spoke with contact, etc.); any documents showing the prior express consent of the called party to be called.

15.    Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode, or option the dialing system was in when it made each of the calls referenced in Document Request No. 14.

16.    Documents showing informal complaints, demands, lawsuits, settlements, enforcement actions, and investigations related to telemarketing practices of You or Your business partners or clients, since May 10, 2017.

17.    Documents describing Your policies and procedures for making the telephone calls, since May 10, 2017, where the Person called previously expressed that they did not wish to receive calls from You or on Your behalf.

18.    Documents representing the database of consumers You store, whether or not based on information transferred to You by third parties in the same manner as the information relating to Plaintiff's phone number was received, since May 10, 2017.

19.    Documents relating to and describing the operation, installation, and/or specifications of any and all equipment and systems used to make telephone calls to consumers, such as the phone call(s) to Plaintiff, by You or any third party on Your behalf (whether exclusively or not), since May 10, 2017.

20.    Call detail logs in their original electronic format for calls placed by You or on Your behalf (whether exclusively or not) to promote or sell goods or services of Defendants (whether or not exclusively), since May 10, 2017. Responsive Documents include all calls made by You or on Your behalf, the originating telephone number, the date, time, and duration of the call, the telephone to which each such call was made or attempted to be made, whether the

telephone number is a cellular telephone number, the script for such call, the name of the person called, whether the person called had previously asked not to be called, the name, and unique identifier number(s)/designation(s) associated with the intended recipient and the call.

21.     To the extent You claim that You had consent or permission for placing the calls referenced in Document Request No. 14, produce all Documents that identify:

        a.      Any writings evidencing that consent or permission;

        b.      Documents that evidence a clear and conspicuous statement that informed consumer of their right to withdraw their consent to receive telemarketing calls and the procedures that they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

22.     For any and all websites that You claim constitute or provide consent or permission, produce:

        a.      Documents that identify the websites and specific web pages on websites that You claim constitute or provide consent or permission;

        b.      All access, server, and error logs, and security and fraud alerts during the period You claim visits to the website(s) occurred that constitute consent or permission;

        c.      All architectural diagrams, wireframes, and application mockups;

        d.      All Documents that identify the affiliates compensated directly or indirectly by You for each purportedly consenting consumer or record;

        e.      All Documents that identify the referring URL from which each purportedly consenting consumer came to such website;

f.      All Documents that identify any vendor or company used by such website or its owner or operator for visitor traffic reporting, including any search engine optimization or internet marketing consultants;

g.      All Documents that identify the bandwidth usage for any such website during the period You claim visits to or actions on that website constituted consent or permission to contact any person;

h.      All Documents that identify the website host(s) for any website responsive to any of the foregoing and the dates each host was active for each such website;

i.      All Documents purporting to record, reflect, or show all "lead events," Compliance Reports, and Visual Playback, occurring on such website; and

j.      If You claim any documents requested are not in Your possession, custody, or control, produce all Documents that identify Persons who possess or control such Documents, specifying which category of Documents are in which Party's possession, custody, or control.

23.     Documents You provide to third parties who make calls on Your behalf (whether exclusively or not), since May 10, 2017.

24.     Documents You provide to Persons on whose behalf calls are placed (whether exclusively or not), since May 10, 2017.

25.     Documents relating to due diligence, audits, inspections, certifications of compliance, oversight, and monitoring of Your marketing and sales activities and those of persons placing calls on Your behalf (whether exclusively or not), since May 10, 2017.

26.     All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights.

Dated: July 29, 2021     Respectfully submitted,


By: /s/Thomas A. Zimmerman, Jr.

   Thomas A. Zimmerman, Jr.
   ZIMMERMAN LAW OFFICES, P.C.
   77 W. Washington Street, Suite 1220
   Chicago, Illinois 60602
   Tel: (312) 440-0020
   Fax: (312) 440-4180
   tom@attorneyzim.com


By: /s/ Mark L. Javitch

   Mark L. Javitch (CA SBN 323729)
   JAVITCH LAW OFFICE
   480 S. Ellsworth Ave.
   San Mateo, CA 94401
   Tel: (650) 781-8000
   Fax: (650) 648-0705
   mark@javitchlawoffice.com
   Admitted *Pro Hac Vice*

## <u>RETURN OF SERVICE</u>

| State of | County of | County Court |
|---|---|---|

Case Number: 21-CV-02509-EEC   Court Date: 8/27/2021

Plaintiff(s):
**MICHAEL ANTHONY**

vs.

Defendant(s):
**THE FEDERAL SAVINGS BANK AND NATIONAL BANCORP HOLDINGS, INC.,**

For:
Mark Javitch, Esquire
480 S. Ellsworth Avenue
San Mateo, CA 94401

Received by U Got Served, LLC on the 30th day of July, 2021 at 12:41 pm to be served on **FDE MARKETING GROUP LLC BY SERVING REGISTERED AGENT FRANK BISESI, 1314 E. LAS OLAS BLVD, FORT LAUDERDALE, FL 33301.**

I, Robert Little, do hereby affirm that on the **2nd day of August, 2021** at **2:20 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTSOR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND DEFINITIONS** with the date and hour of service endorsed thereon by me, to: **ZACH JOHNSON** as **CLERK AT MAIL STORE** at the address of: **1314 E. LAS OLAS BLVD, FORT LAUDERDALE, FL 33301**, who stated they are authorized to accept service for **FDE MARKETING GROUP LLC**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
GIVEN ADDRESS IS A FEDEX/SHIPING STORE AND WITNESS HAS AN ACTIVE MAIL BOX.

## <u>RETURN OF SERVICE For 21-CV-02509-EEC</u>

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the Judicial Circuit in which the process was served. Pursuant to F.S. 95.525 "Under penalties of perjury", I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct" **Notary not required as per FS 92.525**.

**Robert Little**
SPS #1406

**U Got Served, LLC
1279 W. Palmetto Park Road
Unit 273938
Boca Raton, FL 33427
(561) 361-7111**

Our Job Serial Number: AOA-2021001818
Ref: Mark Javitch, Esquire

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1x

# Exhibit C

                                              **Mark Javitch <javitchm@gmail.com>**

---

## Re: Just spoke to Frank
1 message

---

**Frank Bisesi** <sales@fdemarketinggroup.com>                    Sun, Aug 22, 2021 at 9:33 PM
To: Mark Javitch <mark@javitchlawoffice.com>
Cc: researchservices@mailfence.com

   Yes please

   Frank

> On Aug 22, 2021, at 9:54 PM, Mark Javitch <mark@javitchlawoffice.com> wrote:
>
>
> Hi Frank, thanks for the email. Do you need a copy of the questions?
>
> Best,
> Mark
>
> On Sun, Aug 22, 2021 at 6:49 PM Frank Bisesi <sales@fdemarketinggroup.com> wrote:
>> Sorry for the delay I thought we had already provided this information and this issue was resolved ! I will forward this to our in-house Council and get on this first thing in the am.
>>
>> Frank
>>
>>> On Aug 22, 2021, at 9:17 PM, researchservices@mailfence.com wrote:
>>>
>>>
>>> Mark,
>>>
>>> You asked me if I heard from Frank, which I did not. I just went through my call records and found the number for him, so I called to verify it was his number and he picked up. His number is 443-904-7277, and he is cc'd on this email. He stated this is his direct email address: sales@fdemarketinggroup.com
>>>
>>> He spoke to me and said that he did not receive a copy of any subpoena at the Mailbag post office address. However, he said if you can email him a copy of the request, and he can get you the information in the morning. He said he uses several list companies.
>>>
>>> *Frank, please do send Mark the lead source and information of whom you purchased the "Needle Dee" information from, along with whatever else is needed. I'm not aware of any of these details or the request. I just wanted to verify the number. Thank you.*
>>>
>>> - Michael