UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-23345-MC-MORENO/GOODMAN

MICHAEL ANTHONY,

    Movant,

v.

FDE MARKETING GROUP LLC,

    Respondent.

_____/

**ORDER ON MOTION TO COMPEL DOCUMENTS**

Michael Anthony ("Movant" or "Anthony") attempted[1] to serve a subpoena *duces tecum* on FDE Marketing Group LLC ("Respondent" or "FDE") in connection with a lawsuit pending in the United States District Court Northern District of Illinois, *Anthony v. The Federal Savings Bank, et al.*, Case No. 1:21-cv-2509 ("Illinois Action"). [ECF No. 1]. FDE did not respond to the subpoena and thus Movant filed the instant proceedings in this District (where FDE's principal place of business and mailing address are located)[2]

---

[1] Ultimately, and as discussed below, Rule 45 does not require formal service of process of a subpoena. Nonetheless, because Movant attempted substituted service of the subpoena on FDE and because the issue may arise again in this proceeding, the Undersigned will address the deficiency in Movant's attempted service in this Order.

[2] As an aside, the Undersigned notes that while FDE's principal place of business and mailing address are located in this District, at 1314 E. Las Olas Boulevard, Fort Lauderdale, Florida, 33301, the instant proceeding was filed in the Miami Division,

seeking to compel FDE to comply with the subpoena. Senior United States District Judge Federico A. Moreno referred Anthony's motion to the Undersigned. [ECF No. 8].

For the reasons discussed below, Anthony's motion to compel production of documents from FDE Marketing Group LLC is **granted**.

I.      **Legal Standard**

Federal Rule of Civil Procedure 45 governs the issuance and enforcement of subpoenas. Rule 45 permits a party to subpoena a nonparty to obtain "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii).

Although Rule 45 does not address the scope of a subpoena, "[i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Fed. Trade Comm'n v. Roca Labs, Inc.*, No. 8:15-CV-2231-T-35TBM, 2017 WL 131574, at *2, n.2 (M.D. Fla. Jan. 13, 2017). Rule 26(b) states that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

---

instead of where it should have been filed, the Ft. Lauderdale Division. In any event, this is a distinction without a difference because, as Judge Moreno noted in *Damian v. Massaro*, the "[f]iling of the Complaint in the Fort Lauderdale Division would not have impacted its possible assignment to a Court in another division." No. 10-23987-CIV, 2011 WL 3678680, at *1 (S.D. Fla. Aug. 22, 2011) (rejecting argument that venue was improper because case had been filed in the Miami Division and the defendant resided in Broward County). *Damian* cited Local Rule 3.4. That rule has since been relocated to the Court's Internal Operating Procedures. However, the observation in *Damian* -- that a case filed in one division may be assigned to a judge in another division -- still holds true.

>  the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Under Rule 34, a party may, within the scope of Rule 26(b), obtain documents, electronically stored information, and tangible things that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

"The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). To that end, "[t]he Supreme Court has stressed on multiple occasions the need to construe the [Federal] Rules liberally to allow for robust discovery." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (collecting cases). At the same time, "discovery, like all matters of procedure, has ultimate and necessary boundaries," *Hickman*, 329 U.S. at 507, and Rule 45 includes important protections for persons subject to a subpoena. *See*, *e.g.*, Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv) (listing circumstances under which a court must quash or modify a subpoena).

## II.   Background

As noted above, Anthony attempted service of the subpoena on FDE. [ECF No. 1-1, pp. 9-17]. The subpoena required FDE to produce certain documents by August 27, 2021, at 9:00 AM, at Brickell Key Court Reporting, 515 East Las Olas Boulevard, Suite 120, Ft. Lauderdale, FL 33301 (well within Rule 45(c)(2)(A)'s 100-mile geographical limit). *Id.*

3

The subpoena sought the production of documents which Movant maintains are relevant to the Illinois Action. Movant describes the Illinois Action, a putative class action, as stemming from his receipt of "at least six unsolicited telemarketing telephone calls from or on behalf of Defendants despite Plaintiff's number being registered on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c)." [ECF No. 1, p. 3]. According to Movant, the defendants in the Illinois Action have identified nonparty FDE as having "information relevant to Plaintiff's claims and Defendants' defenses and counterclaim." *Id.*

Anthony has attached a return of service which purportedly shows that FDE was served with a copy of the subpoena on August 2, 2021, at 2:20 PM. [ECF No. 1-1, p. 18]. The return of service states that the process server effectuated service on an individual named "Zach Johnson," a clerk at the mail store located at "1314 E. Las Olas Blvd, Fort Lauderdale, FL 33301." *Id.* (some capitalization omitted). The return of service further states that the address is a "FedEx/shipping store," "witness has an active mail box" at this store, and the clerk told the process server that "they are authorized to accept service for FDE Marketing Group LLC." *Id.* (some capitalization omitted). The return of service also states that the process server "informed said person of the contents therein, in compliance with state statutes." *Id.*

Movant has filed a copy of a Florida limited liability company annual report filed by FDE on January 12, 2021 with the Florida Secretary of State. [ECF No. 1-1]. This annual

4

report reflects that FDE's principal place of business, current mailing address, and the address of its registered agent (Frank Bisesi) is "1314 E. Las Olas Blvd., Fort Lauderdale, FL 33301." [ECF No. 1-1, p. 4] (some capitalization omitted). This is the same address as is listed in the return of service.

Anthony also attached an email chain dated August 22, 2021 which purportedly includes emails from Frank Bisesi, FDE's registered agent. [ECF No. 1-1, p. 21]. The email chain includes two emails sent by an individual identified as "Frank Bisesi" using an email address containing an "fdemarketinggroup.com" domain name, sales@fdemarketinggroup.com. *Id.* According to the email chain, Anthony spoke with Mr. Bisesi, who denied receiving a copy of the subpoena from the "Mailbag post office address." *Id.*

In one of the emails, the individual identified as Frank Bisesi wrote: "Sorry for the delay I thought we had already provided this information and this issue was resolved! I will forward this to our in-house Council [sic] and get on this first thing in the a[.]m." *Id.* Movant's counsel wrote back, asking if Mr. Bisesi needed "a copy of the questions," to which Mr. Bisesi responded, "Yes please." The email chain does not indicate whether Movant's counsel actually provided a copy of the subpoena to Mr. Bisesi by email.

Thus, according to the email chain, as late as August 22, 2021, an individual identified as Frank Bisesi had allegedly not received a copy of the subpoena, with a compliance date of August 27, 2021.

Movant's counsel filed a declaration which generally summarizes some of the events discussed above. [ECF No. 1-1, pp. 1-2].

At the Undersigned's direction, Movant filed a certificate of service for the motion to compel. [ECF No. 10]. The certificate of service states that on September 17, 2021, Movant's counsel served a copy of the motion to compel [ECF No. 1] on FDE c/o Mr. Bisesi at the same address as indicated above. *Id.* The certificate of service is accompanied by a computer printout containing a FedEx tracking number and travel history reflecting that a FedEx package was delivered on September 20, 2021 at 10:02 AM and signed by an "M. Strickland." *Id.*

### III.  Analysis

Anthony seeks to compel the production of documents in FDE's possession which he believes are relevant to the Illinois Action. FDE has not complied with the subpoena.

Movant attempted to serve the subpoena on FDE at the address listed on its most recent annual report filed with the Florida Secretary of State. According to the return of service, this address is a "FedEx/shipping store," where FDE maintains "an active mail box" and has authorized the store to accept service on its behalf. [ECF No. 1-1, p. 18].

The Undersigned begins by noting that several courts have concluded that formal service of process of a Rule 45 subpoena is not required. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Maistrenko*, No. 19-MC-20850, 2019 WL 7790855, at *3 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted*, No. CV 19-20850-MC, 2020 WL 486271 (S.D. Fla. Jan.

6

30, 2020) ("find[ing] that Rule 45 does not require personal delivery of the subpoena in order to effectuate service"); *Rainey v. Taylor*, No. 18-24802-MC, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019) (same); *Codrington v. Anheuser-Busch, Inc.*, No. 98-2417-CIV-T-26F, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999) ("find[ing] that nothing in the plain language of the Rule requires personal service").

Nonetheless, because Anthony attempted substituted service on FDE and is seeking to rely on the return of service to support enforcement of his subpoena, the Undersigned will address the deficiency in Anthony's attempt to serve FDE.

FDE is a limited liability company. "Rule 4(h), Federal Rules of Civil Procedure, control service of process on corporations, partnerships, and unincorporated associations and applies to service on a limited liability company." *Tetra Tech Ec, Inc. v. White Holly Expeditions LLC*, No. 3:10-CV-465-J-32MCR, 2010 WL 3259696, at *6 (M.D. Fla. Aug. 16, 2010). Rule 4(h)(1)(A) permits service of process to be effectuated in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1), in turn, states that an individual may be served as provided by state law where the district court is located or where service is made.

Florida law permits substituted service on a corporation through a private mailbox.[3] Fla. Stat. § 48.031(6). Section 48.031(6) states that:

---

[3] The term "private mailbox" means "a private mailbox service provided by a commercial mail receiving agency such as the UPS store." *TID Servs., Inc. v. Dass*, 65 So. 3d 1, 6 (Fla. 2d DCA 2010).

> **If the only address for a person to be served which is discoverable through public records is a private mailbox**, a virtual office, or an executive office or mini suite, **substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox**, virtual office, or executive office or mini suite, **but only if the process server determines that the person to be served maintains a mailbox**, a virtual office, or an executive office or mini suite **at that location**.

Fla. Stat. Ann. § 48.031(6) (emphasis added). "Strict compliance with the statute is required for substitute service." *Microsoft Corp. v. Silver Eagle Computers, Inc.*, No. 606CV-1405-ORL-19JGG, 2006 WL 3391229, at *2 (M.D. Fla. Nov. 22, 2006).

To obtain substituted service through a private mailbox under section 48.031(6), three requirements must be met:

> [The party effectuating service] must show (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox, (2) that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox, and (3) that the process server properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to serving the person in charge.

*Cruz v. Petty Transp., LLC*, No. 6:08CV498-ORL-22KRS, 2008 WL 4059828, at *1 (M.D. Fla. Aug. 27, 2008).

The first and third requirements are met here. The return of service indicates that 1314 E. Las Olas Blvd., Fort Lauderdale, FL 33301 is a "FedEx/shipping store," i.e., a private mailbox. [ECF No. 1-1, p. 18] (capitalization omitted). The return of service also indicates that the process server determined that FDE "has an active mail box" at this

8

location and the clerk told the process server that "they are authorized to accept service for FDE Marketing Group LLC." *Id.*

There is, however, insufficient information in the record concerning the second requirement -- that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox. The declaration filed by Movant's counsel states that he "searched the Florida Secretary of State website and found that the name and address of the registered agent for FDE MARKETING GROUP LLC . . . is Frank Bisesi, 1314 E. Las Olas Blvd., Fort Lauderdale, FL 33301." [ECF No. 1-1, p. 1].

It may well be that counsel scoured the public records, leaving no stone unturned, in his exhaustive and comprehensive search for any publicly available address for FDE, its officers, directors, or registered agent. Counsel's declaration, however, references only an internet search on the Florida Secretary of State's website. *Id.* Therefore, there is no indication of what additional efforts, if any, counsel undertook to search public records to locate an address to serve FDE. Based on the available information, the Undersigned must conclude that the second requirement has not been met. Thus, Movant has not shown that he effectuated service on FDE on August 2, 2021.

Nonetheless, and as discussed above, there is no requirement that a Rule 45 subpoena be formally served. Rather, Rule 45 "requires service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain*

*LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019). Thus, "service of . . . third-party subpoenas . . . may be made by FedEx or UPS, as such methods are reasonably calculated to insure receipt of the subpoena by the witness." *Id.*

Here, taking the statements made in the email chain as true, Mr. Bisesi (or at least an individual appearing to be Mr. Bisesi) did not receive a copy of the subpoena delivered on August 2, 2021 by the process server to the private mailbox. Nonetheless, the email chain reflects that this individual was made aware of the existence of the subpoena, expressed a desire to cooperate, and indicated he would forward information to in-house counsel. [ECF No. 1-1, p. 21].

Additionally, Movant's counsel filed a certificate of service on October 6, 2021 indicating that he "served a copy of the Motion to Compel filed herein (ECF No. 1), by Federal Express" to the same address as the private mailbox. [ECF No. 10, p. 1]. Movant's counsel included both a tracking number and a computer printout from FedEx reflecting a signed delivery date of September 20, 2021 at 10:02 AM. *Id.* at p. 3. The motion to compel includes a copy of the subpoena.

The Undersigned finds that counsel's efforts, while not meeting the strictly construed service requirements in Florida, were reasonably calculated to ensure receipt of the subpoena by FDE. Therefore, the Undersigned finds that Movant has met the service requirements of Rule 45.

In sum, a copy of the subpoena was delivered to FDE's private mailbox by process server on August 2, 2021 (whether or not FDE actually received it) and via FedEx on September 20, 2021. Although Movant states in the broadest of terms that the information sought by the subpoena is relevant to the Illinois Action -- FDE has "information relevant to Plaintiff's claims and Defendants' defenses and counterclaim" -- it is not difficult to conclude, based on Movant's description of the Illinois Action and the documents requested by the subpoena, that the subpoena meets the modest relevancy requirements of Rule 26(b). "A Rule 45 subpoena should be enforced unless it is clear that the evidence sought can have no possible bearing on the issues." *Classic Soft Trim, Inc. v. Albert*, No. 6:18-CV-1237-ORL-78-GJK, 2020 WL 6730978, at *2 (M.D. Fla. Oct. 8, 2020) (quotation marks and citation omitted). Additionally, and as already noted, the subpoena is well within the 100-mile geographical limit. Accordingly, the Undersigned will enforce the subpoena.

IV. **Conclusion**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Anthony's motion to compel production of documents from FDE Marketing Group LLC [ECF No. 1] is **granted**.

Movant shall serve a copy of this Order on Respondent, along with copies of the motion to compel (including all exhibits), and the subpoena. Respondent shall produce the responsive documents to Movant within fifteen (15) days of being served with this

11

Order. If Respondent fails to produce the documents, then it will be subject to sanctions and penalties, including being held in contempt of Court.

Because FDE faces significant sanctions and penalties if it fails to comply with the subpoena, Movant shall formally serve Respondent with a process server (as opposed to a Federal Express mailing) and shall file proof of service if he seeks further relief. If Movant wishes to again employ substitute service, Movant must strictly comply with Fla. Stat. § 48.031.

Finally, Movant may file a motion for costs and attorney's fees (after consulting with FDE, through its counsel or, if FDE is unrepresented, through Mr. Bisesi) for expenses incurred in connection with the motion to compel. This does not necessarily mean that Movant will in fact be entitled to an award of costs and/or attorney's fees against FDE. It merely authorizes Movant to *seek* an Order entitling him to this relief.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 16, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record