**IN THE UNITED STATES DISTRICT COURT FOR**
**SOUTHERN DISTRICT OF FLORIDA**

MICHAEL ANTHONY, individually, and on behalf of all others similarly situated,

Movant,

v.

FDE MARKETING GROUP LLC, a Florida limited liability company,

Respondent.

_____ /

Case No.:  1:21-mc-23345-FAM

**PLAINTIFF'S MOTION FOR CIVIL CONTEMPT ON FDE MARKETING GROUP LLC**

*Related to Action Pending in the U.S. District Court for the Northern District of Illinois, 1:21-cv-02509-EEC.*

**MICHAEL ANTHONY'S MOTION**
**FOR AN ORDER OF CONTEMPT AGAINST FDE MARKETING GROUP LLC**
**AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure AND THE Court's Order compelling production of documents. (Dkt. 11), movant Michael Anthony ("Plaintiff" or "Mr. Anthony") respectfully requests that the Court enter an Order holding Respondent FDE MARKETING GROUP LLC ("FDE") in civil contempt for failing to comply with Court orders.

Under Fed. R. Civ. P. 45(e), the court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  On December 16, 2021, the Court entered an order providing that FDE "shall produce the responsive documents to Movant within fifteen (15) days of being served with this Order." ("Order") (Dkt. 11). Service of the Order was completed on December 21, 2021, pursuant to Fla. Stat. § 48.031(6). *See* Proof of Service, Exhibit A attached to the Declaration of David P. Reiner ¶¶ 3-4. ("Reiner Decl.") The date for FDE's compliance with the Order has passed.

Therefore, Plaintiff requests this Court enter an Order holding FDE in civil contempt. Plaintiff's Motion for Civil Contempt is supported by the attached exhibits and incorporated memorandum of law.

**MEMORANDUM OF LAW**
**IN SUPPORT OF MICHAEL ANTHONY'S MOTION FOR CONTEMPT AND**
**SANCTIONS AGAINST FDE MARKETING GROUP LLC**

Movant Michael Anthony ("Plaintiff" or "Mr. Anthony") respectfully submits this memorandum of law in support of his motion for civil contempt on FDE MARKETING GROUP LLC ("FDE"). For the reasons stated below, the motion should be granted.

## I.      INTRODUCTION

### A.      Parties.

Mr. Anthony is an individual residing in Pennsylvania. Defendant Federal Savings Bank, Inc. ("FSB") is a federal savings association and mortgage originator with headquarters in Chicago, Illinois. FSB's parent corporation, National Bancorp Holdings, Inc., is also a defendant in a lawsuit captioned *Michael Anthony v. The Federal Savings Bank, et al.*, Court No. 21 cv 2509, pending in the Northern District of Illinois ("Lawsuit"). Additionally, FDE was recently named as a defendant in the Lawsuit.

### B.      Jurisdiction and Venue

This Court has subject matter jurisdiction over this matter at least under Fed. R. Civ. P. 45 and the Rules Enabling Act, 28 U.S.C. § 2072. This Court has personal jurisdiction over FDE because FDE maintains its principal place of business in Florida and in this District. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because FDE resides in this District and a substantial portion of the events or omissions giving rise to this matter occurred in this District.

**II.     FACTS**

  A.  <u>The Underlying Lawsuit</u>

Plaintiff alleges that he received six unsolicited telephone calls and was transferred to

FSB despite being on the Federal Do Not Call Registry, constituting multiple violations of 47

U.S.C. 227(c). FSB disclosed that it obtained Plaintiff's information and was transferred his call

due to FSB's relationship with FDE. Plaintiff recently filed an amended complaint in the Lawsuit

to name FDE as a defendant for placing the calls at issue prior to transferring them to FSB.

  B.  <u>Subpoena</u>

On August 2, 2021, Plaintiff served a third-party Subpoena upon FDE for the production

of documents relating to Plaintiff and the putative class in the Lawsuit. The Subpoena requested

that the documents be produced by August 27, 2021. FDE failed to serve objections or otherwise

respond to the Subpoena.

  C.  <u>Order Compelling Production</u>

Plaintiff filed this miscellaneous action and moved to compel compliance with the

Subpoena. Dkt. 1. On December 16, 2021, the Court granted the motion to compel requiring

FDE to produce documents within 15 days of being served with the order granting the motion

(Dkt. 11). The Order required a personal visit from a process server rather than mailing service.

On December 21, 2021, Plaintiff's process server delivered a copy of the Order to FDE. Dkt. 12.

On January 10, 2022, counsel for Plaintiff in the underlying action emailed a copy of the order

to Edgardo Nieves, believed to be counsel for FDE, requesting to meet and confer on Plaintiff's

motion for civil contempt. *See* Exhibit "A" attached to the Declaration of Mark L. Javitch, ¶¶ 3-

4 ("Javitch Decl.")

  On January 19, 2022, Frank Bisesi ("Bisesi"), FDE's registered agent for service of

process and principal, sent an email to Plaintiff's counsel purporting to respond to the Order, but contained only three documents that had already been produced by the defendants in the primary action. *See* Exhibit "B" attached to Javitch Decl. ¶¶ 5-6. In response to Plaintiff's counsel request, Bisesi agreed to meet and confer by telephone. On January 24, 2022, Bisesi and FDE's counsel, Jan Rivera, met and conferred to discuss, among other things, FDE's failure to comply with the Court's Order compelling document production. *Id*. ¶ 7. During the exchange, Bisesi raised baseless objections to production and refused to state when he would produce subpoenaed the documents that FDE did not object to producing, if any. *Id*. ¶¶ 8-10. Therefore, Plaintiff is forced to file this motion.

## III.   LAW & ARGUMENT

### A.   Standard

"A court may impose . . . civil contempt charges on a person who fails to comply with a subpoena duces tecum." *In re Adler, Coleman Clearing Corp*., No. 06-80157-CIV, 2007 U.S. Dist. LEXIS 114793, 2007 WL 9707008, at *4 (S.D. Fla. Oct. 18, 2007) (citing *Nilva v. United States*, 352 U.S. 385, 392 (1957)). "Civil contempt charges are used to enforce compliance with a court's order or to compensate a wronged party." *Id*. (citing *United States v. Rizzo*, 539 F.2d 458, 463 (5th Cir. 1976)). "Civil contempt proceedings can be brought pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, which states that '[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena was issued.'" *Id*. Ultimately, civil contempt charges are "designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821,

4

827 (1994).

#### B.      FDE Failed to Respond to the Subpoena

As set forth above, FDE refused to provide any response to the Subpoena. The compliance date for the Subpoena was August 27, 2021.

#### C.      FDE Failed to Respond to the Order Enforcing the Subpoena

Plaintiff filed this miscellaneous action and moved to compel compliance with the Subpoena. Dkt. 1. On December 16, 2021, the Court granted the motion to compel requiring FDE to produce documents within 15 days of being served with the order granting the motion (Dkt. 11). On December 21, 2021, Plaintiff's process server delivered a copy of the Order to FDE's registered agent. Dkt. 12.

To obtain substituted service through a private mailbox under section 48.031(6), three requirements must be met:

> [The party effectuating service] must show (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox, (2) that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox, and (3) that the process server properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to serving the person in charge.
>
> Order at 8 (quoting *Cruz v. Petty Transp., LLC*, No. 6:08CV498-ORL-22KRS, 2008 WL 4059828, at *1 (M.D. Fla. Aug. 27, 2008)).

According to the Florida Secretary of State's online database for Florida-registered limited liability companies, FDE's registered agent is listed as Frank Bisesi, 1314 E. Las Olas Blvd., Fort Lauderdale - the address where the Order was served. *See* Exhibit A, Reiner Decl., ¶¶ 3-4.

In addition, the Proof of Service establishes that the private mailbox on record is "the only address known after reasonable investigation and after determining that the person or business to

be served maintains a mailbox at this location." *Id.* Therefore, all three elements for complying

with section 48.031(6) are met. Importantly, Frank Bisesi, registered agent and principal of FDE

has actually received the subpoena, the proofs of service of the subpoena and the Order, and the

Order.

        D.     FDE Is Ignoring the Court's Order

Plaintiff has met his initial burden by introducing uncontroverted evidence that FDE has

violated this Court's Order. Plaintiff has served and emailed the Order and discussed it on the

phone with FDE and FDE's counsel. There is no dispute that FDE is aware of these proceedings

and that FDE is refusing to comply with the Court's Order. The requirements of the Order were

clear and unambiguous. Further, prior to moving for civil contempt, the Order compelling

production expressly required service via a personal visit from a process server rather than a

mailing service in order to warn that "FDE faces significant sanctions and penalties if it fails to

comply with the subpoena[.]" Dkt. 11, p. 12. FDE has actually received this warning, but still

refuses to comply. Therefore, the Court should hold FDE in civil contempt. *See Old Nat'l Bank*

*v. Goldberg & Assocs., LLC*, 08-cv-80078, 2009 U.S. Dist. LEXIS 30426, 2009 WL 813019, at

*8 (S.D. Fla. Mar. 23, 2009) (granting motion for civil contempt for failure to comply with order

compelling production).

**IV.    CONCLUSION**

        For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's

Motion for an Order of Contempt against FDE, and such other relief as the Court deems

appropriate.

[SIGNATURES FOLLOW]

6

**DAVID P. REINER, II**; FBN 416400
**REINER & REINER, P.A.**
*Counsel for Movant*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida  33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

## CERTIFICATE OF SERVICE

 *I HEREBY CERTIFY* that on **February 1, 2022**, *I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**DAVID P. REINER, II**; FBN 416400
**REINER & REINER, P.A.**
*Counsel for Movant*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida  33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

## SERVICE LIST

*U.S. Mail & Service of Process:*

*FDE MARKETING GROUP LLC,*
*c/o FRANK BISESI, REGISTERED AGENT*
*1314 E. LAS OLAS BLVD.*
*FORT LAUDERDALE, FL, US, 33301*

Via US Mail and Facsimile (787.753.8944)

EDGARDO NIEVES, ESQ.
O'Neill & Borges LLC
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813

*Via Email:*

FRANK BISESI - *sales@fdemarketinggroup.com*
EDGARDO NIEVES - *Edgardo.Nieves@oneillborges.com*

8