UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-23345-MC-MORENO/GOODMAN

MICHAEL ANTHONY,

    Movant,

v.

FDE MARKETING GROUP LLC,

    Respondent.

_____/

### POST-DISCOVERY HEARING ADMINISTRATIVE ORDER ON ANTHONY'S MOTION TO HOLD FDE IN CONTEMPT

Michael Anthony ("Movant" or "Anthony") seeks to hold FDE Marketing Group LLC ("Respondent" or "FDE") in civil contempt for failing to comply with the Court's Order on Motion to Compel Documents [ECF Nos. 13; 21]. On February 17, 2022, the Undersigned held a Zoom videoconference hearing on the instant Motion. For the reasons stated on the record, the Undersigned **orders** and **adjudges** as follows:

The Court will permit Movant to take a Rule 30(b)(6) deposition of FDE's designee. By Wednesday, February 23, 2022, Movant shall propound a Rule 30(b)(6) notice which will include the specific topics to be discussed at the deposition. Respondent shall have until Tuesday, March 8, 2022 to provide written objections, if any, to the topics.

The Undersigned believes both sides will be able to resolve any disputes concerning the appropriate topics. If the parties are unable to do so, then either party may contact my Chambers to set this matter for a follow-up discovery hearing during which the Court will determine the propriety of the list of Rule 30(b)(6) topics.

The purpose of the Rule 30(b)(6) deposition will be to determine the reasonableness of the search for documents responsive to the subpoena. The deposition may include questions about who was involved in the search, which devices were searched (e.g., desktop computers, laptop computers, iPads, tablets, cell phones, etc.), whether the search included emails and text messages, and how long the search lasted. Movant may also ask what steps FDE took to locate documents exhibiting consent. These types of questions are permissible because they concern how the search was conducted and whether it was adequate.

This deposition is not designed to delve into the merits of the underlying case. Questions concerning whether someone was on the National Do Not Call Registry and how many calls were made to Plaintiff fall outside the purpose of this limited Rule (30)(b)(6) deposition. Because FDE is a party to the underlying case, Movant may pursue these types of merits-based questions in the underlying case.

If the parties are unable to agree on the topics for the 30(b)(6) deposition and if the Undersigned is required to hold another hearing to resolve that hypothetical dispute,

then an award of attorney's fees against the party (and/or counsel) losing that discovery dispute will be considered.

If Anthony wishes to renew his motion to hold FDE in contempt after taking the Rule 30(b)(6) deposition, then he shall attach the deposition transcript as an exhibit to his renewed motion. For now, the Undersigned denies without prejudice the motion to hold FDE in contempt.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on February 18, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record